UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK CAVANAUGH, not individually but as the Receiver of the Overall Receivership Estate, | ) ) ) ) | |
| Plaintiff | ) | |
| v. | ) | No. 15-cv-10264 |
| | ) | |
| STANDLEY PLASTICS, INC. and STEVEN STANDLEY, | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Standley Plastics, Inc. ("Standley Plastics") and Steven Standley ("Standley")

(collectively "Defendants"), for their answer to the Complaint filed by Plaintiff, Patrick

Cavanaugh, not individually but as the Receiver of the Overall Receivership Estate ("Plaintiff"

or "Cavanaugh" or "Overall Receiver"), state:

## INTRODUCTION

1.      This case arises out of a breach of a promissory note signed by Standley Plastics,
Inc. ("Standley Plastics") and a breach of a written guaranty of that promissory note by Steven
Standley ("Standley"), the President of Standley Plastics. The Overall Receiver has issued a
written "Notice of Default and Demand for Immediate Payment" to Standley Plastics and to
Standley, but such notice has been ignored by the Defendants. The Overall Receiver now seeks
to recover the amounts due and owing under the promissory note and guaranty.

**ANSWER**:      The Defendants admit the allegations of paragraph 1, except they deny that there

has been a breach of the promissory note or the guaranty attached to the complaint, as the Note

and the Guaranty are unenforceable under applicable Florida law.

## THE PARTIES

2.      Pursuant to the *Agreed Order Clarifying, Modifying and Expanding the Duties
of Receiver Michael Nanosky and to Appoint an Overall Receiver and Regarding Payments to
Attorneys and Other Professionals and Related Items* dated April 23, 2015 ("Amended

Receiver Order)[1] [Dkt. No. 122], the Overall Receiver is the duly Court-appointed receiver of the all of the assets of First Farmers Financial, LLC ("First Farmers") other than those assets entrusted to the Nanosky Receivership Estate (Id., ¶ 22-24.) For jurisdictional purposes, the Overall Receiver is a citizen of the State of Illinois.

**ANSWER**: The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

     3.    Standley Plastics is a Missouri corporation with its principal place of business located at 705 East 20th Street, Lamar, Missouri 64759.

**ANSWER**: The Defendants admit the allegations of paragraph 3.

     4.    Steven Standley is a Missouri resident, who, on information and belief, resides at 1802 Heagon, Lamar, Missouri 64759. Standley is the President of Standley Plastics.

**ANSWER**: The Defendants admit the allegations of paragraph 4, except the correct address is 1803 Heagon, Lamar, Missouri 64759.

## JURISDICTION

     5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 754, which has been complied with, to the extent necessary, to perfect the Overall Receiver's and this Court's jurisdiction over all of the Defendants.

**ANSWER**: The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

     6.    In addition, and in the alternative, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because the action is between citizens of different States.

**ANSWER**: The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, except they admit that they are citizens of Missouri and that the amount claimed by Plaintiff exceeds $75,000 exclusive of costs and interest.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Receiver Order.

7.     This Court has personal jurisdiction over each of the Defendants pursuant to 28 U.S.C. § 1692.

**ANSWER**:     The Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 7.

## FACTUAL BACKGROUND

### A.     Loan from First Farmers to Standley Plastics

8.     On or about December 27, 2013, First Farmers loaned Standley Plastics the sum of $2,000,000, and Standley Plastics warranted that the proceeds of the loan would be used solely for commercial and business purposes. A copy of the Closing Statement and the corresponding Business Purpose Affidavit are attached hereto as Group Exhibit A.

**ANSWER**:     The Defendants admit that Standley Plastics received $2,000,000 from First

Farmers and that Standley Plastics warranted that the funds would be used solely for

commercial and business purposes.  They further admit that a copy of the closing statement and

the business purpose affidavit, prepared by Florida counsel for First Farmers and signed by

Steven Standley, are attached to the complaint as Group Exhibit A.

9.     Standley Plastics promised to repay the loan pursuant to a Promissory Note dated December 27, 2013 (the "Note"). A copy of the Note is attached hereto as Exhibit B. The express terms of the Note established a maturity date of February 27, 2014 (the "Maturity Date") for the loan, and further required Standley Plastics to make a flat fee interest payment of $250,000 at the time that the loan was paid off. See Exhibit B at ¶¶ 1, 2.

**ANSWER**:     The Defendants admit the allegations of paragraph 9.

10.     The Note further provided for "Late Charges" if the Note was not timely paid in full. The agreed upon "Late Charge" was $100,000 per month beginning on the first day after the Maturity Date. Id. at ¶ 7(A).

**ANSWER**:     The Defendants admit the allegations of paragraph 10.

### B.     Steven Standley Guaranties the Note

11.     Also on or about December 27, 2013, and in conjunction with the execution of the Note by Standley Plastics, Standley, in his individual capacity, signed a written "Guaranty of Payment" (the "Guaranty") in favor of First Farmers, and thereby guaranteed payment to First Farmers of all of the "Obligations" of Standley Plastics to First Farmers under the Note. A copy of the Guaranty is attached hereto as Exhibit C.

**ANSWER**:    The Defendants admit that in conjunction with the execution of the Note by Standley Plastics, Standley signed the Guaranty of Payment, a copy of which is attached to the complaint as Exhibit C.

      **C.**    **Standley Plastics and Standley Default under the Note and the Guaranty.**

12.     On or before February 27, 2014, a lump sum payment of $2,250,000 was due by Standley Plastics under the express terms of the Note (the "Loan Payment"). Standley Plastics, however, failed to make the Loan Payment to First Farmers on or before the Maturity Date or at any time after the Maturity Date.

**ANSWER**:    The Defendants admit the allegations of paragraph 12, except they deny that there was ever a legal obligation to make any payments on the Note.

13.     Similarly, Standley failed to honor the Guaranty and has not paid the Loan Payment to First Farmers.

**ANSWER**:    The Defendants admit the allegations of paragraph 13.

14.     By letter dated August 28,2015, the Overall Receiver issued a Notice of Default and Demand for Immediate Payment to Standley Plastics and to Standley, as the individual guarantor (the "Notice of Default"). A copy of the Notice of Default is attached hereto as Exhibit D. Standley Plastics and Standley ignored the Notice of Default and have otherwise failed to make the outstanding Loan Payment.

**ANSWER**:    The Defendants admit the allegations of paragraph 14.

**COUNT I - BREACH OF THE PROMISSORY NOTE**
**(Against Standley Plastics)**

15.     The Overall Receiver restates and realleges the allegations set forth in paragraph 1 through 14 above as if fully set forth herein.

**ANSWER**:    Standley Plastics realleges its answers to paragraphs 1-14.

16.     The Note is a binding and an enforceable contract.

**ANSWER**:    Standley Plastics denies the allegations of paragraph 16.

17.     The Overall Receiver is the bona fide holder of the Note, and has the right to enforce the terms and conditions of the Note and the Guaranty on behalf of First Farmers.

**ANSWER**:     Standley Plastics lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 17.

18.     First Farmers has performed all of its obligations under the Note by, among other things, loaning $2,000,000 to Standley Plastics.

**ANSWER**:     Standley Plastics lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 18, except it admits that First Farmers funded the Note

in the amount of $2,000,000.

19.     Standley Plastics was obligated under the Note to make the Loan Payment on or before February 27, 2014. Standley Plastics defaulted under the Note and has breached the terms of the Note by failing to make the Loan Payment.

**ANSWER**:     While the written terms of the Note speak to a payment due on February 27,

2014, Standley Plastics denies that any such payment was or is legally due under the Note and

it denies  the remaining allegations of paragraph 19.

20.     Under the terms of the Note, the Overall Receiver is entitled to seek repayment of the Note, and he is also entitled to seek and recover late charges for Standley Plastics' failure to pay its obligations under the Note. The "Late Charge for Overdue Payments" under the Note is $100,000 per month beginning on the first day after the Maturity Date.

**ANSWER**:     While the written terms of the Note speak to repayment of the $2,000,000 and

late charges in the event of a failure to repay the Note on or before February 27, 2014, Standley

Plastics denies that any amount was or is legally due on the Note and it denies the remaining

allegations of paragraph 20.

21.     The Note further provides that the Overall Receiver, as the holder of the Note, is entitled to the recovery of all of his costs, fees and expenses (including reasonable attorneys' fees) incurred in connection with his attempt to collect payment under the Note.

**ANSWER**:     While the written terms of the Note speak to the recovery of costs, fees and

expenses, Standley Plastics denies that any such amounts were or are legally due under the

Note and it denies the remaining allegations of paragraph 21.

22.     First Farmers has been damaged as a result of Standley Plastics' breach of its obligations under the Note.

**ANSWER**:     Standley Plastics denies the allegations of paragraph 22.

23.     After allowing any and all credits due, as of October 1, 2015, Standley Plastics owes First Farmers the following amounts:

Principal balance - $2,000,000
Interest - $250,000
Late charges (through September 30, 2015) - $1,900,000

**Total (through September 30, 2015) - $4,150,000**

In addition, Standley Plastics owes the fees, costs and expenses (including reasonable attorneys' fees) incurred by the Overall Receiver in connection with its effort to enforce Standley Plastics' obligations under the Note.

**ANSWER**:     Standley Plastics denies the allegations of paragraph 23.

## COUNT II - BREACH OF THE GUARANTY
### (Against Steven Standley)

24.     The Overall Receiver restates and realleges the allegations set forth in paragraph 1 through 14 above as if fully set forth herein.

**ANSWER**:     Standley realleges his answers to paragraphs 1-14.

25.     The Guaranty is a binding and an enforceable contract.

**ANSWER**:     Standley denies the allegations of paragraph 25.

26.     The Overall Receiver is the bona fide holder of the Note and the Guaranty, and has the right to enforce the terms and conditions of the Guaranty on behalf of First Farmers.

**ANSWER**:     Standley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.     First Farmers has performed all of its obligations under the Note by, among other things, loaning $2,000,000 to Standley Plastics.

**ANSWER**:     Standley lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, except he admits that First Farmers funded the Note by providing $2,000,000 to Standley Plastics.

6

28.     Pursuant to the terms of the Guaranty, Standley irrevocably guaranteed all of the financial obligations of Standley Plastics to First Farmers including, but not limited to, the timely payment of the Loan Payment to First Farmers. Standley Plastics defaulted under the Note and failed to make the Loan Payment to First Farmers.

**ANSWER**:     While the written terms of the Guaranty speak to Standley guarantying all of the

obligations of Standley Plastics, and Standley admits that Standley Plastics has not made any

payments to First Farmers or anyone else under the Note, Standley denies that Standley Plastics

has defaulted or that any amounts are due under the Note and he denies the remaining

allegations of paragraph 28.

29.     Despite proper and written demand by the Overall Receiver, Standley has breached the Guaranty by failing to make the Loan Payment to the Overall Receiver and otherwise failing to pay all amounts due by Standley Plastics under the Note.

**ANSWER**:     Standley denies the allegations of paragraph 29.

30.     Under the terms of the Note, the Overall Receiver is entitled to seek repayment of the Note and he is also entitled to seek and recover late charges for Standley Plastics' failure to pay its obligations under the Note. The "Late Charge for Overdue Payments" under the Note is $100,000 per month beginning on the first day after the Maturity Date.

**ANSWER**:     While the written terms of the Note speak to repayment and late charges

beginning on the first day after the maturity date of February 27, 2014, Standley denies that the

Overall Receiver is entitled to any amounts under the Note and he denies the remaining

allegations of paragraph 30.

31.     The Note further provides that the Overall Receiver, as the holder of the Note, is entitled to the recovery of all of his costs, fees and expenses (including reasonable attorneys' fees) incurred in connection with his attempt to collect payment under the Note.

**ANSWER**:     While the terms of the Note speak to the recovery of fees, costs and expenses,

Standley denies that any such amounts are due and he denies the remaining allegations of

paragraph 31.

32.     Pursuant to the terms of the Guaranty, the Overall Receiver can recover from Standley all amounts due by Standley Plastics under the Note including the Loan Payment, the

7

Late Charges and the Overall Receiver's costs, fees and expenses (including reasonable attorneys' fees) incurred in connection with his attempt to collect payment under the Note and under the Guaranty.

**ANSWER**:    While the written terms of the Guaranty speak to the recovery of the loan

payment, the late charges and the recovery of costs, fees and expenses, Standley denies that any

such amounts are due and he denies the remaining allegations of paragraph 32.

33.    First Farmers has been damaged as a result of Standley's breach of his obligations under the Guaranty.

**ANSWER**:    Standley denies the allegations of paragraph 33.

34.    After allowing any and all credits due, as of October 1, 2015, Standley Plastics owes First Farmers the following amounts:

> Principal balance - $2,000,000
> Interest - $250,000
> Late charges (through September 30, 2015) - $1,900,000
>
> **Total (through September 30, 2015) - $4,150,000**

In addition, Standley Plastics owes the fees, costs and expenses (including reasonable attorneys' fees) incurred by the Overall Receiver in connection with its effort to enforce Standley Plastics' obligations under the Note.

**ANSWER**:    Standley denies the allegations of paragraph 34.

35.    Accordingly, Standley, as the individual guarantor, owes First Farmers the sum of $4,150,000 plus the fees, costs and expenses (including reasonable attorneys' fees) incurred by the Overall Receiver in connection with his efforts to enforce Standley Plastics' obligations under the Note and his efforts to recover against Standley under the Guaranty.

**ANSWER**:    Standley denies the allegations of paragraph 35.

# AFFIRMATIVE DEFENSE

## (Usury)

1.    The Note (Exhibit B) and the Guaranty of Payment (Exhibit C) were drafted by

Florida counsel for First Farmers.

8

2.     The Guaranty of Payment provides that it was being entered into as an inducement to First Farmers to extend credit to Standley Plastics.

3.     The Note and the Guaranty of Payment were executed at the same time.  They are both parts of the same transaction.

4.     The Note provides for all payments to be made at Orlando, Florida.  Therefore, the Note was to be performed in Florida.

5.     The Guaranty of Payment provides that it shall be governed by the substantive laws of Florida.

6.     Based on the foregoing, the Note and the Guaranty of Payment are governed by Florida law.

7.     The Florida criminal usury statute, Fla. Stat. Section 687.071, was in full force and effect at all times from and after December 27, 2013.

8.     Standley Plastics is a "person" as that term is used in the Florida criminal usury statute.

9.     Standley Plastics and Standley are "debtors" as that term is used in the Florida criminal usury statute.

10.     First Farmers is a "creditor" as that term is used in the Florida criminal usury statute.

11.     The Note violates paragraph 3 of the Florida criminal usury statute in that it seeks to charge interest on the principal amount of $2,000.000 at a rate in excess of 45% per annum.

12.     The Note and the Guaranty of Payment were drafted by William R. Huseman, who was admitted to the Florida Bar in 2001 and who, on information and belief, was retained by First Farmers with respect to the transaction with Standley Plastics.

13.     According to the Florida Secretary of State's website, First Farmers Financial, LLC was incorporated in Florida as a limited liability company on August 24, 2011. It was administratively dissolved on September 25, 2015 for failure to file an annual report.

14.     According to the Bloomberg Business website, First Farmers was a Florida corporation in the business of providing "financial solutions" including "construction and permanent loans and the refinance of debt services." It was located in Orlando, Florida.

15.     Based on the fact that First Farmers was in the business of making loans in Florida and the fact that it retained experienced Florida counsel to draft the loan documents for signature by Standley Plastics and Standley, First Farmers knowingly charged Standley Plastics an annual interest rate of 75% if the Note was paid on the maturity date. First Farmers acted knowingly in charging a rate of interest far in excess of that allowed under Florida law.

16.     The Overall Receiver stands in the shoes of First Farmers and his rights to collect on the Note and on the Guaranty of Payment are no better than First Farmers' rights against Standley Plastics or Standley.

17.     On November 2, 2013, counsel for Standley Plastics notified counsel for the Overall Receiver via email that the Note contained a "usury rate of interest."

18.     By issuing his written demand to Standley dated August 28, 2015 (Exhibit D) and by filing this lawsuit against Standley Plastics and Standley seeking to recover on the Note and the Guaranty of Payment, the Overall Receiver has violated the Florida criminal usury statute.

10

19.     Pursuant to paragraph 7 of the Florida criminal usury statute the Note and the

Guaranty of Payment are unenforceable.

WHEREFORE, Standley Plastics and Standley request that judgment be entered in their

favor and against Patrick Cavanaugh, the Overall Receiver, and they request such other and

further relief as this Court deems appropriate.

                                        **STANDLEY PLASTICS, INC. and
                                        STEVEN STANDLEY**

                                        By:  /s/ *John T. Schriver*_____

John T. Schriver
Duane Morris LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
T:  312-499-6785
F:  312-499-6701
E-mail:  jtschriver@duanemorris.com

**<u>CERTIFICATE OF SERVICE</u>**

John T. Schriver certifies that on December 7, 2015, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *John T. Schriver*