UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK CAVANAUGH, not individually but as the Receiver of the Overall Receivership Estate, | )<br>)<br>) |
| Plaintiff | ) |
| v. | ) No. 15-cv-10264 |
| STANDLEY PLASTICS, INC. and STEVEN STANDLEY, | )<br>) |
| Defendants. | ) |
| STANDLEY PLASTICS, INC. and STEVEN STANDLEY, | )<br>) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| PATRICK CAVANAUGH, not individually but as the Receiver of the Overall Receivership Estate, | )<br>)<br>) |
| Counter-Plaintiffs, | ) |

**STANDLEY PLASTICS AND STANDLEY'S COUNTERCLAIM**

Standley Plastics, Inc. ("Standley Plastics") and Steven Standley ("Standley) (collectively "Counter-plaintiffs"), for their Counterclaim against Patrick Cavanaugh, not individually but as the Receiver of the Overall Receivership Estate ("Overall Receiver"), state:

1. Counter-plaintiffs are citizens of Missouri.

2. The Overall Receiver is a citizen of Illinois.

3. The amount in controversy arising out of the Note (Exhibit B to the Complaint in this action) and the Guaranty of Payment (Exhibit C) exceeds $75,000 exclusive of costs and interest.

DM1\6415116.2

4.  This Court has jurisdiction over the parties and this counterclaim under 28 U.S.C. § 1332, and with respect to Count I hereof under 28 U.S.C. § 2201.

### Count I

5.  The Overall Receiver alleges that pursuant to the Note and the Guaranty of Payment, an amount in excess of $4,100,000 is due from Standley Plastics and Standley.

6.  As is more fully set forth in the Affirmative Defense, the terms of which are hereby realleged as though fully set forth herein, Counter-plaintiffs maintain that the Note and the Guaranty of Payment are governed by Florida law, violate the Florida criminal usury statute, Fla. Stat. § 687.071, and are, therefore, unenforceable.

7.  An actual controversy exists as to the rights and obligations of the parties regarding the enforceability of the Note and the Guaranty of Payment.

WHEREFORE, Counter-plaintiffs request that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 in their favor on Count I of the Counterclaim and declare that the Note and the Guaranty of Payment violate the Florida criminal usury statute and are unenforceable.

### Count II

8.  Counter-plaintiffs reallege paragraphs 1 through 4 as paragraph 8.

9.  The Note (Exhibit B) and the Guaranty of Payment (Exhibit C) are governed by Florida law, in that the Note was to be paid in Orlando, Florida and the Guaranty of Payment, which is part of the same transaction as the Note, stipulates that it is to be construed and governed by Florida law.

10. The Note and the Guaranty of Payment are unenforceable under the Florida criminal usury statute, Fla. Stat. § 687.071, and by knowingly seeking to collect $4,100,000 or

more by reason of the Note and the Guaranty of Payment, the Overall Receiver has violated that statute.

11. By reason of his violation of the Florida criminal usury statute, by sending Standley his demand for over $4,100,000 (Exhibit D) and by filing this lawsuit seeking to collect on a Note and Guaranty which violate Florida's criminal usury statute, the Overall Receiver has committed a *per se* violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202, and in particular section 501.203(3)(c) thereof.

12. Standley Plastics and Standley are entitled to recover from the Overall Receiver and his surety their reasonable attorneys' fees in defending this lawsuit and prosecuting this Counterclaim under Fla. Stat. 501.2105.

WHEREFORE, Counter-plaintiffs request that this Court enter judgment in their favor on Count II of the Counterclaim and award them their reasonable attorneys' fees.

        **STANDLEY PLASTICS, INC. and STEVEN STANDLEY**

        By: /s/ *John T. Schriver*

John T. Schriver
Duane Morris LLP
190 S. LaSalle St. – Suite 3700
Chicago, IL 60603
T: 312-499-6785
F: 312-499-6701
E-mail: jtschriver@duanemorris.com

**CERTIFICATE OF SERVICE**

      John T. Schriver certifies that on December 7, 2015, he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

                                                                    /s/ *John T. Schriver*